**Electronically Filed
Intermediate Court of Appeals
30066
24-FEB-2011
09:12 AM**

NO. 30066

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
COREY J. GONSALES, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(Case No. 1DTC-07-046866)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Corey J. Gonsales (Gonsales) appeals the Notice of Entry of Judgment and/or Order and Plea/Judgment filed on August 19, 2009 in the District Court of the First Circuit, 'Ewa Division (district court).[1] Gonsales was convicted of Excessive Speeding in violation of HRS § 291C-105(a)(2) (2007).

On appeal, Gonsales contends that (1) the district court abused its discretion in denying his motion to compel discovery and (2) there was insufficient evidence presented at trial, due to insufficient foundation for the introduction of the speed reading of the laser gun.

---

[1] The Honorable Clyde E. Sumida presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Gonsales's points of error as follows.

(1) Discovery.

A ruling limiting discovery is reviewed for an abuse of discretion. State v. Peseti, 101 Hawai'i 172, 178, 65 P.3d 119, 125 (2003); see also Hawai'i Rules of Penal Procedure (HRPP) Rule 16(d).

On June 25, 2008, Gonsales filed a motion to compel discovery (Discovery Motion). The Discovery Motion sought the following items:

(a)   [Honolulu Police Department] HPD departmental policies and procedures for conducting speeding citations;

(b)   The HPD training manual for speeding citations;

(c)   The operation manual for the specific laser gun used in the case;

(d)   Any documentation related to the following:

   i.   The brand and model of the gun;

   ii.   The age of the gun;

   iii.   When the gun was purchased and first put into use by HPD;

   iv.   The period of warranty on the gun;

   v.   Where the gun is stored;

   vi.   How the gun is maintained;

   vii.   When the gun was last tested or calibrated;
   viii.   All certification documents;

   ix.   All police maintenance, servicing, repair and calibration records for any laser devise [sic] used in the instant case;

   x.   Laser readings;

   xi.   Laser unit test results for the officer(s) in the instant case;

xii.  The laser gun training and qualification test results for the officer(s) in the instant case;

xiii.  The firearm qualification test results for the officer using the laser for the one year prior and the one year after the date of Defendant's citation/arrest;

xiv.  The fixed distance used to calibrate the subject laser unit and location where the calibration took place;

xv.  The delta distance used to calibrate the subject laser unit and location where the calibration took place;

xvi.  Any calibration reading;

xvii.  Manufacturer's service representative's maintenance, service and calibration records for the laser gun in question;

xviii.  The laser gun manufacturer's established procedures for verifying and validating that the instrument was in proper working order;

xix.  Written verification that said manufacturer's established procedures were followed[;]

xx.  Written verification that the laser gun was in proper working order at the time the laser gun was used[;]

xxi.  Records of regular maintenance, servicing, upkeep, repair, modification and/or calibration of the laser gun performed by the manufacturer (or the manufacturer's duly trained and licensed representative), a year before and a year after the dates of any alleged offense(s), as well as official maintenance, repair, modification, servicing, and/or calibration manuals for the device in question prepared by and/or relied upon by the manufacturer (or the manufacturer's duly trained and licensed representative).

The State did not oppose items 3(d)xiv (fixed distance) and 3(d)xv (delta distance). The district court[2] ordered discovery of "the delta distance and location" and denied the remainder of the items. It is unclear from our review of the record what information was provided to Gonsales.[3]

---

[2]  The Honorable Fay M. Koyanagi presided.

[3]  Immediately after ruling on the Discovery Motion, the district court asked, "[A]re you able to provide that today, Wendy," to which an "Unidentified Female" responded, "Yes, I am. . . . I have the form ready."

It appears that the Discovery Motion sought five types of documents and information that were denied: (1) documents related to the operation and maintenance of the laser gun and the training and certification of the officer in the use of the laser gun (Operation, Maintenance and Training Documents);[4] (2) documents related to the policies and procedures of the HPD regarding speeding citations (Speeding Documents);[5] (3) documents related to the date of acquisition and the age of the laser gun (Equipment Age Documents);[6] (4) written verifications that manufacturer's procedures were followed and that the laser gun was in proper working order (Written Verifications);[7] and (5) "[t]he brand and model of the gun"; the "[l]aser readings"; and "[a]ny calibration reading[.]"[8]

In State ex rel. Marsland v. Ames, 71 Haw. 304, 313-14, 788 P.2d 1281, 1286-87 (1990), the Hawai'i Supreme Court held that the trial court exceeded its authority under HRPP Rule 16(d)[9] by ordering the State to disclose manufacturer's manuals, instructions, specifications pertaining to the components, precision limits, operation, calibration, and maintenance of the Intoxilyzer, and information pertaining to the qualification, training and certification of the operator.

---

[4] Identified in the Discovery Motion as items (c) and (d)iv, v, vi, vii, viii, ix, xi, xii, xiii, xvii, xviii, and xxi **[JIMS 6/25/08 at 3-5]**.

[5] Identified in the Discovery Motion as items (a) and (b) **[JIMS 6/25/08 at 3]**.

[6] Identified in the Discovery Motion as items (d)ii and iii **[JIMS 6/25/08 at 3]**.

[7] Identified in the Discovery Motion as items (d)xix and xx.

[8] Identified in the Discovery Motion as items (d)i, x, and xvi in the instant case.

[9] HRPP Rule 16(d), discretionary disclosure, provides: "[u]pon a showing of materiality and if the request is reasonable, the court in its discretion may require disclosure as provided for in this Rule 16 in cases other than those in which the defendant is charged with a felony, but not in cases involving violations."

The district court did not abuse its discretion in denying the Discovery Motion with respect to the Operation, Maintenance, and Training Documents, the Speeding Documents, and the Equipment Age Documents requested by Gonsales as they are similar in nature to the manuals, documents pertaining to maintenance, and the documents pertaining to the qualification and training of the Intoxilyzer operator in Ames and therefore are not subject to discovery in a non-felony case.

It was not an abuse of discretion for the district court to deny discovery of the Written Verification Documents. Consistent with the Ames determination regarding operation and training manuals, it does not appear that "[w]ritten verification that said manufacturer's established procedures were followed" and "[w]ritten verification that the laser gun was in proper working order at the time the laser gun was used" "tend[] to negate the guilt of the defendant." HRPP Rule 16(b)(1)(vii). Therefore, both exceed the scope of discovery that the district court could allow pursuant to HRPP Rule 16(d). See also Ames, 71 Haw. at 313, 788 P.2d at 1286 ("discovery in a misdemeanor case that exceeds the limits of discovery established by HRPP Rule 16 for felony cases cannot be justified under the rule").

On the other hand, the remaining requests for (1) "[t]he brand and model of the gun," (2) the "[l]aser readings," and (3) "[a]ny calibration reading" to the extent they are readings taken in preparation for or during the firing of the laser gun at Gonsales's vehicle related to this incident and meet the criteria of materiality and reasonableness set forth in HRPP Rule 16(d). The brand and model of the laser gun meet the requirement of materiality as defined in State v. Lo, 116 Hawai'i 23, 26-27, 169 P.3d 975, 978-79 (2007). The request is also reasonable to the extent that the request is for information in the possession and control of the HPD and its disclosure is not burdensome.

In <u>Ames</u>, the Hawai'i Supreme Court held that the Intoxilyzer results and the calibration results for the Intoxilyzer may be discoverable in misdemeanor cases under HRPP Rule 16(d). <u>Ames</u>, 71 Haw. at 311 & n.9, 788 P.2d at 1285 & n.9. The laser gun calibration and the result of the firing of the laser gun at Gonsales's vehicle are similar to the results of the Intoxilyzer test and the calibration of the Intoxilyzer as was allowed in <u>Ames</u> and therefore should also be discoverable here. However, the result of the laser firing at Gonsales's vehicle -- eighty-six miles per hour -- was made known to Gonsales before the trial, as it was reflected on the citation, and thus it was unnecessary for the district court to order that "laser reading" be produced to the defense.

(2) Sufficiency of the evidence.

Gonsales claims there was insufficient evidence of the speed of the vehicle, but also contends that such insufficiency was based upon the district court's abuse of discretion "by concluding that Officer Kau's testimony provided a proper foundation for the speed reading given by the laser gun." Gonsales failed to object to admission of the laser gun speed reading on the basis of a lack of foundation or on any other ground.

In this case, where no explicit objection was posed on a lack of foundation at admission of the laser gun reading, the general rule is that any objection was waived, and the issue is precluded on appeal. <u>State v. Wallace</u>, 80 Hawai'i 382, 409-10, 910 P.2d 695, 722-23 (1996) (issue that the officer's testimony of the weight of cocaine lacked foundation for scale accuracy was waived where objection at trial was on basis of relevancy, and no plain error was found); <u>State v. Naeole</u>, 62 Haw. 563, 570, 617 P.2d 820, 826 (1980) (objection to inadmissible testimony regarding photographic identification by witnesses not testifying at trial was waived where no objection was made at trial, and no justification for plain error review was found).

6

The situation in the instant case differs from the circumstances in State v. Werle, 121 Hawai'i 274, 279-80, 218 P.3d 762, 767-68 (2009), where the Hawai'i Supreme Court, on certiorari, determined that plain error review was not appropriate because foundational objections to the blood alcohol test results were preserved by a motion to strike the evidence and by a motion for judgment of acquittal that reflected a foundational basis. Here, although Gonsales did move for judgment of acquittal at the close of the State's case, Gonsales's grounds for the motion were "based on the evidence," with no other specification. After Gonsales presented evidence and rested his case, defense counsel stated: "Just renewing our motion for JOA at this time, Your Honor". Although Gonsales appears to argue a lack of foundation for the laser reading in closing argument, this falls short of the efforts taken in Werle, and does not suffice to preserve the issue on appeal. Consequently, Gonsales has waived any issue as to a lack of foundation for admission of the speed reading.

As to sufficiency of the evidence, evidence of the laser gun speed reading, "even though incompetent, if admitted without objection or motion to strike, is to be given the same probative force as that to which it would be entitled if it were competent." Wallace, 80 Hawai'i at 410, 910 P.2d at 723 (quoting 2 Wharton's Criminal Evidence § 265 n. 3 (14th ed. 1986)) (internal quotation marks omitted). Evidence was presented that the speed reading that Officer Kau obtained from the laser indicated that Gonsales was "traveling at 86 miles per hour", that Gonsales stated to Officer Kau that "he was falling asleep", that the speed limit in the area was 60 miles per hour, that Gonsales "woulda [sic] had to pass at least one" speed limit sign, which was a "clear, unobstructed sign" of "60 miles an hour". Accordingly,

sufficient evidence existed for the district court to convict Gonsales of excessive speeding.

Therefore,

IT IS HEREBY ORDERED THAT sufficient evidence existed for the judgment of conviction entered by the District Court of the First Circuit; however, this case is remanded to the district court to determine (a) whether Gonsales received the discovery to which he was entitled as specified herein and, if he did not, (b) whether Gonsales was prejudiced such that a new trial should be ordered.  If the district court determines that a new trial is not warranted, the district court shall enter a new judgment reinstating Gonsales's conviction.

DATED:  Honolulu, Hawai'i, February 24, 2011.

On the briefs:


Karen T. Nakasone,
Deputy Public Defender
for Defendant-Appellant.


Anne K. Clarkin,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge